**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Tricia Ayala;<br><br>    Plaintiff,<br><br>    vs.<br><br>Vandahl Engineering and Sales, LTD, an Arizona limited liability company; Peter A. Van Wolvelaerd and Jane Doe Van Wolvelaerd, husband and wife | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Tricia Ayala, for her Complaint against Defendants, alleges as follows:

## NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6. Plaintiff also seeks to recover unpaid wages and an award of treble damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to A.R.S. §§ 23-355 and 12-341.01 for Defendant's failure to pay Plaintiff her regular wages owed.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. This Court also has supplemental jurisdiction over the state law claims.

9. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

10. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

11. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

12. At all times material hereto, Vandahl Engineering and Sales, LTD was incorporated in the State of Arizona, and has its principal place of business in Maricopa County, Arizona.

13. Upon information and belief, at all times material hereto, Defendant Peter A. Van Wolvelaerd, was and continues to be a resident of Maricopa County, Arizona.

14. Jane Doe Van Wolvelaerd is Peter A. Van Wolvelaerd's wife. Peter and Jane Doe Van Wolvelaerd have caused events to take place giving rise to this Complaint as to which their marital community is fully liable.

15. Upon information and belief, and consistent with the information available from the Arizona Corporation Commission, Defendants Peter A. Van Wolvelaerd was

1  and is the owner of Vandahl Engineering and Sales, LTD

2      16.   At all relevant times, Plaintiff was an "employee" of Defendants, as defined

3  by 29 U.S.C. § 203(e)(1) and by A.R.S. §§ 23-350 or 23-362(A) (Version 2).

4      17.   The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendants.

5      18.   At all relevant times, each of the Defendants was and continues to be an

"employer" as defined in 29 U.S.C. § 203(d) and in A.R.S. §§ 23-350 or 23-362(B)

(Version 2).

    19.   Each of the Defendants should be deemed an "employer" for purposes of the

FLSA including, without limitation, 29 U.S.C. § 216.

    20.   Defendants Peter A. Van Wolvelaerd is deemed an "employer" for purposes

of the FLSA, including, without limitation, 29 U.S.C. §216, and is co-equally liable with

Vandahl Engineering and Sales, LTD.

    21.   All Defendants are co-equally liable for all matters.

    22.   Defendant Peter A. Van Wolvelaerd made all decisions on the daily activities

of his employees and made all decisions regarding pay policies and exerted financial and

operative control over Vandahl Engineering and Sales, LTD  and is therefore individually

liable under the FLSA.

    23.   Defendant Peter A. Van Wolvelaerd has the power to close Vandahl

Engineering and Sales, LTD

    24.   Defendant Peter A. Van Wolvelaerd has the power to hire and fire

employees.

    25.   Defendant Peter A. Van Wolvelaerd hired managerial employees.

26. On information and belief, Defendant Peter A. Van Wolvelaerd maintained employment records.

27. On information and belief, Defendant Peter A. Van Wolvelaerd dictated the corporate message in pending labor investigations.

28. Defendant Peter A. Van Wolvelaerd profited from the FLSA violations detailed in this complaint.

29. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

30. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

31. On information and belief, at all relevant times, the annual gross revenue of Defendants exceeded, and continues to exceed, $500,000.00.

## FACTUAL BACKGROUND

32. Vandahl Engineering and Sales, LTD provides general construction, construction management, and design/build services to customers around Arizona.

33. Vandahl Engineering and Sales, LTD hired Plaintiff on April 20, 2015 to work as a bookkeeper and a general office assistant.

34. Plaintiff's responsibilities included aiding the accountant in entering data into spreadsheets.

35. Plaintiff would also regularly assist the project manager and superintendent as their secretary. Plaintiff would calendar meetings and handling incoming client calls.

36. Plaintiff also was required to perform estimating duties.

37. Plaintiff's estimator duties would involve gathering financial data to aid in preparing bids for government construction projects.

38. To avoid having to pay Plaintiff overtime, Vandahl Engineering and Sales, LTD would compensate Plaintiff on a bi-weekly salary.

39. Defendants misclassified Plaintiff as an exempt employee.

40. Plaintiff was a non-exempt employee. She should have been paid an hourly rate, not salary.

41. Plaintiff had no management responsibilities.

42. Plaintiff did not supervise any other individual.

43. Plaintiff could neither hire nor fire employees.

44. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

45. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

46. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Vandahl Engineering and Sales, LTD or its' customers.

47. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

48. Plaintiff did not perform work requiring advanced knowledge.

49. Plaintiff could not formulate, affect, interpret, or implement management policies or operating practices.

50. Plaintiff did not carry out major assignments in conducting the operations of Vandahl Engineering and Sales, LTD

51. Plaintiff did not have the authority to commit Vandahl Engineering and Sales, LTD in matters that have significant financial impact.

52. Plaintiff did not have the authority to waive or deviate from established policies and procedures without prior approval of management.

53. During this period, Plaintiff's regular schedule was Monday through Friday, 7 a.m. to 5 p.m.

54. Plaintiff would also work from home after her regular schedule as Defendants' demanded that Plaintiff perform tasks after hours.

55. Each and every week that Plaintiff has worked her regular schedule, she has worked over forty hours in a week.

56. By improperly classifying Plaintiff as an exempt employee, Defendants are depriving Plaintiff upwards of seventy hours of overtime pay each and every week.

57. Defendants also have not paid Plaintiff her regular wages for Plaintiff's first week of work, for the work Plaintiff performed from April 20, 2015 through April 24, 2015.

58. Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm to prosecute her claims against Defendants on her behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

59. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

60. While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

61. Plaintiff was a non-exempt employee.

62. Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

63. On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

64. As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

65. Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

66. In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

67. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

68. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff overtime compensation in the amount due for all of her time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

     d.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

     e.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

     f.  For such other and further relief as the Court deems just and proper.

## COUNT TWO
## FAILURE TO PAY WAGES

69.    Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

70.    On information and belief, Defendants failed to pay Plaintiff "wages," as that term is defined by A.R.S. § 23-350, at Plaintiff's regular rate of pay while Plaintiff was employed by Defendants.

71.    Plaintiff is her regular wages for Plaintiff's first week of work, for the work Plaintiff performed from April 20, 2015 through April 24, 2015.

72.    On information and belief, Defendants' failure to pay Plaintiff's wages was willful, unreasonable, and in bad faith.

73.    Pursuant to A.R.S. § 23-355, Plaintiff is entitled to an award of treble the amount of wages not paid by Defendants.

74.    Pursuant to, *inter alia*, A.R.S. § 12-341.01, Plaintiff is entitled to an award of attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendants:

   A. Awarding Plaintiff regular compensation in the amount due to her for all of her time worked for which Defendants provided no compensation while at work for Defendants;

   B. Awarding Plaintiff treble the amounts calculated pursuant to the preceding paragraph;

   C. Awarding Plaintiff reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

   D. Awarding Plaintiff costs and expenses reasonably incurred in this action;

   E. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

   F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

   G. For such other and further relief as the Court deems just and proper.

## COUNT THREE
## DECLARATORY JUDGMENT

75.  Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

76.  Plaintiff and Defendants have an overtime compensation dispute pending.

77. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

78. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

   a. Defendants employed Plaintiff.

   b. Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

   c. Plaintiff individually is covered by the overtime provisions of the FLSA.

   d. Plaintiff was not an exempt employee pursuant to the FLSA.

   e. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

   f. Defendants' failures to pay overtime compensation to Plaintiff were willful.

   g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

   h. Plaintiff is entitled to an equal amount as liquidated damages.

   i. Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

79. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and

settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

80. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

b. Awarding Plaintiff her reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: July 24, 2015

Respectfully submitted,

**PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**

By: /s/ Trey Dayes
　　Trey Dayes
　　Attorney for Plaintiff